# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

HUEY C. WHITE,
ADC #089919                                                 PLAINTIFF

V.                   5:16CV00362-JLH-JTK

DANNY BURL, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging Defendants improperly confined him in punitive isolation for nine days beyond his original sentence, under extreme heat conditions (Doc. No. 8). He requested monetary and injunctive relief from Defendants. Several Defendants were dismissed on February 22, 2017, and Defendants Burl, Outlaw, and Minor were dismissed on April 25, 2017 (Doc. Nos. 17, 29).

Pending before the Court is remaining Defendant Williams' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 37-39). Plaintiff filed a Response in opposition to the Motion (Doc. No. 41).

### II. Amended Complaint

Plaintiff stated he was convicted of a disciplinary charge on July 2, 2015, and sentenced to ten days in punitive isolation. (Doc. No. 8, p. 2) On July 11, 2015, he advised the punitive isolation supervisor, a non-party, that he had completed his time, and showed her his disciplinary

form. (Id.) The supervisor advised Lt. Hall (non-party), who then advised Defendant Williams, the Chief of Security. (Id.) However, Williams refused to investigate the situation, and Plaintiff was not released until nine days later, after he filed a grievance to Defendant Warden Outlaw. (Id., p. 3) Defendant Minor was responsible for transmitting the wrong release date in the ADC computer system, and Defendants Outlaw and Burl knew of the issue prior to the grievance because of Plaintiff's complaints to staff. (Id.)

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendant's Motion

Defendant asks the Court to dismiss the Complaint for failure to show that he violated Plaintiff's Eighth Amendment rights. Defendant states although Plaintiff was incarcerated in

punitive for an extra nine days beyond his sentence, medical staff frequently visited him in his cell and saw him in the Health Services office. In addition, Plaintiff does not claim he was not provided adequate food, water, clothing or shelter while housed in punitive. In his Affidavit, Defendant Williams stated that in mind-July, 2015, Lt. Hall (a non-party) told him Plaintiff claimed he should be released from punitive, and Williams then checked the ADC software system (eMOIS) which showed that Plaintiff still had time to serve in punitive isolation. (Doc. No. 39-2) Williams also stated he never spoke to Plaintiff during his time in punitive, and never received any document which caused him to doubt the accuracy of the release date as recorded in eMOIS.

Williams also asks the Court to dismiss Plaintiff's allegations against him based on qualified immunity, because Plaintiff cannot show that the conditions he experienced were atypical of prison life or that Williams acted with deliberate indifference to Plaintiff's health and safety.

### B. Plaintiff's Response

In response, Plaintiff states he suffered from excessively hot conditions while incarcerated in punitive, as temperatures reached nearly 100 degrees during that time. He claims the severe heat could have threatened his health, and that it does not matter that medical staff checked on him, because the situation could have changed in an instant. He states he repeatedly told staff about his correct release date and repeatedly filed grievances. He also adds that the Arkansas State Claims Commission found in his favor and awarded him $1800. (Doc. No. 41, p. 15).[1]

### C. Analysis

Qualified immunity protects officials who act in an objectively reasonable manner, and may shield a government official from liability when his or her conduct does not violate "clearly

---

[1] However, the General Assembly later reversed that award. (Doc. No. 39-3, p. 9)

established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions. Choate v.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation,...by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) and Estelle v. Gamble, 429 U.S. 97, 104 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)).

To support a Fourteenth Amendment due process claim, Plaintiff must show that his extra time in punitive constituted an "atypical and significant hardship" in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). Placement in administrative segregation, even without cause, is not considered an atypical and significant hardship. Portley-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002). In addition, thirty-seven days between June 11, 2000, and July 25, 2000, in disciplinary isolation in an Arkansas prison, without a disciplinary hearing, did not violate due process, in Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

Plaintiff alleged that officers told Defendant Williams about his situation, but that he "refused to investigate." (Doc. No. 8, p. 2) However, Plaintiff admitted he never directly spoke with Williams while he was in isolation and never had any issues with Williams prior to this incident. (Doc. No. 39-1, pp. 16-17) He also admitted that Williams checked the eMOIS system after Plaintiff complained to another officer, and it showed that Plaintiff was not scheduled for release until July 27, 2015 (Id., p. 32). Finally, he admitted in that when he filed a grievance

6

about his situation on July 20, 2015, he was released later that same day. (Id., p. 14)

According to Plaintiff's medical records, after Plaintiff was convicted of a disciplinary violation and prior to his placement in segregation, prison medical staff examined him for a pre-lockup medical evaluation. (Doc. No. 39-4, pp. 9-10) On July 6, 2015, Plaintiff a nurse practitioner evaluated him, noting that he did not show signs of acute dehydration and his blood pressure was in better control. (Id., p. 9) Nurses visited Plaintiff in his cell on July 7, 2015, July 9-11, 2015, July 12-14, 2015, and noted that he was not in any distress and did not voice any complaints. (Id., pp. 8-9) A nurse practitioner evaluated Plaintiff on July 15, 2015 at the Health Services Office and fitted him for a medical shoe because of his "hammer toe" condition. (Id., pp. 3, 16) Nurses visited Plaintiff in his cell on July 16-17, 2015, and he showed no signs of distress and voiced no complaints. (Id., pp. 7-8)

While indeed, it is unfortunate that Plaintiff experienced an extra undeserved nine days in punitive isolation during an undisputed hot Arkansas summer; Plaintiff provides no evidence to show that Defendant Williams was responsible, acted with deliberate indifference to his serious medical needs, or denied him due process. Plaintiff admitted he did not speak with Williams during his time in punitive and he never claimed that he showed Williams the disciplinary report with his accurate release date. He admitted that Williams checked his release date in the ADC record system and that the date recorded in that system was inaccurate. He provides no evidence that Williams knew that the date was wrong and acted with deliberate indifference. Plaintiff's medical records also show that he was evaluated almost daily during his time in punitive and during most of that time he did not complain to the visiting nurses. Finally, although he claims the hot July conditions were atypical and significant, Plaintiff testified in his deposition that he had been

sentenced to isolation seven or eight times since he was incarcerated at the Tucker Unit, and that most of those times his sentences were for thirty days. (Doc. No. 39-1, pp. 4-6) In addition, if he had not been in isolation at the time, he would have been required to show up for his job as a field utility worker outside in the heat. (Id., p. 10). Finally, Plaintiff does not dispute that during his time in punitive, medical staff repeatedly monitored and treated him. (Doc. No. 34-4)

Therefore, the Court finds that Defendant acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Williams' Motion for Summary Judgment (Doc. No. 37) be GRANTED, and Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 13th day of November, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE